**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LANCASTER CENTER, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Case No:** |
| **AIG CLAIMS, INC. and WESTERN** | § | |
| **WORLD INSURANCE COMPANY,** | § | |
| | § | |
| **Defendants** | § | *JURY TRIAL DEMANDED* |
| | § | *ATTORNEY LIEN CLAIMED* |
| | § | |

---

**PLAINTIFF'S ORIGINAL COMPLAINT**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, LANCASTER CENTER, LLC, and files this Complaint against AIG CLAIMS, INC. and WESTERN WORLD INSURANCE COMPANY. Plaintiff herein, and, in support thereof, would respectfully show unto the Court the following:

**I.    DISCOVERY CONTROL PLAN**

1.1.    Plaintiff intends this case to proceed under the discovery rules of the Federal Rules of Civil Procedure.

**II.    PARTIES AND SERVICE**

2.1.    Plaintiff, LANCASTER CENTER, LLC, (hereinafter, "<u>Plaintiff</u>" and/or "Lancaster Center") is a business located at 5601 E Lancaster Ave, Fort Worth, TX 76112.

2.2.    Defendants, AIG CLAIMS, INC. and WESTERN WORLD INSURANCE COMPANY (hereinafter, "Defendants"), are insurance companies engaging in the business of insurance in the State of Texas and at all times material to the allegations in this Complaint have

---

conducted such insurance business in the State of Texas. Defendants may be served with process by certified mail, by serving its authorized agent for service of process, Commissioner of Insurance, 1601 Congress Avenue, Austin, Texas 78701-1407, or wherever it may be found. Citation is requested at this time.

### III.    JURISDICTION AND VENUE

3.1.    The jurisdiction of this matter is proper in that the subject matter and the amount in controversy are within the jurisdictional requirements of this Court.

3.2.    Pursuant to Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief over $1,000,000.00. Plaintiff reserves the right to amend this designation, should discovery dictate the need.

3.3.    This court has jurisdiction over Defendants because they are insurance companies that engage in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of Defendants' business activities in the State of Texas.  Additionally, the agents / adjusters of this claim, acting within the scope of its authority and / or outside of the scope of its authority individually made statements to Plaintiff as well as conducted additional activities consisting of making representations, inspecting Plaintiff's property, adjusting the claim, making false representations as to Plaintiff's insurance and selling Plaintiff the insurance policy(s) in issue in this case, all of which took place in the Northern District of Texas.

3.4.    Venue is proper in the United States District Court for the Norther District of under Texas Civil Practice and Remedies Code § 15.011 because this suit concerns a recovery of damages in such venue under the mandatory venue provision of the Texas Civil Practice and Remedies Code cited above.  Venue is also proper in the United States District Court for the Northern District of Texas pursuant to Texas Civil Practice and Remedies Code § 15.002(a)(1)

because all or a substantial part of the acts, omissions, occurrences and / or events giving rise to the claim made the basis of this suit and damages incurred took place in the Northern District of Texas and because the insurance contract was sold to Lancaster Center in the Northern District of Texas. The subject property is in the Northern District of Texas; the storm that damaged the subject property occurred in the Northern District of Texas; Defendant and / or its agents conducted business in the Northern District of Texas and/or made false and misleading claims and statements to Lancaster Center and the subject property was the property Defendants agreed to insure in the Northern District of Texas.

### IV.  FACTUAL BACKGROUND

4.1.    Lancaster Center was insured by Defendants under insurance policy no. NPP8903477 (the "Policy" and / or "insurance contract"). Lancaster Center is the owner of the property, located at 5601 E Lancaster Ave, Fort Worth, TX 76112 (the "Property"). Lancaster Center acquired the Policy by and through Defendants. As part of the underwriting process related to Lancaster Center's acquisition of the subject Policy, Defendants arranged for the Property to be inspected as part of that process. Such resulted in the generation of a report that was utilized by Defendants to upgrade Lancaster Center's coverage for and on the Property and/or affected the premium that included a $74,000.00 deductible for windstorm and/or hailstorm coverage. Lancaster Center suffered hail and/or windstorm loss to the Property on or about March 16, 2023. Lancaster Center filed a claim in connection with its agent and/or broker for the damage suffered at the Property to which Defendants assigned Claim #182289.

4.2.    As a result of filing the claim, Defendants, by and through their agents, retained Keystone Engineering ("Keystone") to inspect the Property. Keystone purportedly inspected the damage to the Property resulting from the storm and Defendant supposedly evaluated / adjusted

Lancaster Center's claim.  Defendants, by and through the actions and inaction of their agents, failed to conduct a reasonable investigation of the damage to Lancaster Center's Property and the claim. Defendants disregarded the pertinent evidence of hail/windstorm damage and failed to fully and properly investigate Lancaster Center's claim for property damage. Keystone, acting on behalf of Defendants, failed to request pertinent information to fully investigate the claim.

4.3.    Defendants failed to timely and properly prepare correct estimates of the scope of damage to the Property and / or failed to provide any such estimates to Lancaster Center in a timely manner.  Defendants also failed to hire any qualified experts to appropriately assess the damage to the Property. Defendants also failed to timely communicate with Lancaster Center which further delayed the claims process. Defendants performed an inadequate, incomplete and unreasonable investigation of Lancaster Center's claims.  Keystone, acting on behalf of Defendants, failed to document demonstrable evidence of the hail/wind damage.  Defendants' estimate did not include all damages sustained.  Defendants did not properly assess all damages caused by the storm and undervalued damage caused to the roof and structure of the property.  Instead, Defendants engaged in a "results-oriented" process, intended from the outset to avoid acknowledgement of damage caused by the hail and / or windstorm.  Defendants failed and refused to retain or hire appropriate consultants or experts in its haste to reach its predetermined conclusions regarding damage to the Property. Defendants relied exclusively on the determinations of Keystone in determining what amounts, if any, to pay on Lancaster Center's claim and failed to perform its own adequate investigation.

4.4.    Western World outsourced its inspection of the Claim to Keystone Engineering who concluded the damage to the property was cosmetic only in nature. Western World denied the Claim. On October 10, 2023, Lancaster Center, disagreeing with Western World's Claim

determination and valuation, demanded appraisal and selected Fred Lupfer as its appraiser. Western World accepted Lancaster Center's appraisal demand and selected Jamie Fallis as its appraiser on November 17, 2023. Mr. Lupfer submitted an estimate of $972,044.86 on January 31, 2024.

4.5    Steve Shearin of Assured was appointed as the accepted umpire for the Claim. All parties participated in the appraisal process and Mr. Shearin proposed an award of $321,098.35 on December 20, 2024. Both parties declined to sign the proposed award. To date, Western World has failed to pay Lancaster Center the full and proper amount due under the policy..

4.6.    Defendants wrongfully denied Lancaster Center's claims. Defendants wrongfully represented that hail and/or windstorm damage that occurred during the Policy's coverage period were not covered under the Policy when in fact they were.  Likewise, Defendants, wrongfully denied the Claim based exclusively on the faulty and inadequate adjusting/estimating of its agents and/or employees.

4.7.    These actions and inactions by Defendants constitute the collective failure to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of Lancaster Center's property damage claim.   The failure and refusal of Defendants to conduct a reasonable investigation and adjusting of Lancaster Center's claims, in conjunction with the improper underwriting/sale of the Policy resulted in Lancaster Center being denied a prompt, fair and equitable settlement of its property damage claims resulting from the hail/windstorm in question.

4.8.    On September 8, 2025 Defendants were provided demand for payment of the amounts due under the terms of the Policy. A true and correct copy of the September 8, 2025 Notice provided to Defendant is attached and incorporated for all purposes as Exhibit 1. Defendants and its agents were also advised in the September 2025 notice of the contractual and

statutory obligations to timely pay the amount owed to Lancaster Center and, that failure to do so would subject them to liability for further costs, expenses, attorney fees and damages that would be owed to Lancaster Center. *Id.*

4.9.    Defendants simply refuse to acknowledge their responsibility to properly adjust and pay Lancaster Center's claim, or abide by its own written Policy terms, which Defendants sold and promised to Lancaster Center and by and thought the acts of their agents and / or employees.  Such actions and inactions in failing to timely and promptly pay the amount owed under the policy thereby subjects Defendants to all statutory punishments, including but not limited to the deceptive trade practice laws of this state. Defendants were provided pre-suit notice pursuant to Tex. Ins. Code § 542A and / or the DTPA on September 8, 2025. Therefore, Lancaster Center is entitled to recover all statutory remedies entitled to it under the Texas Insurance Code and / or Texas Consumer Protection and Deceptive Trade Practices Act.

4.10.    Defendants knew of the possibility of the paying out under the policy and consented to the same when it first entered into the Policy/insurance contract with Lancaster Center. The filing of this lawsuit is only necessary because Defendants and/or their agents, sold a policy and then refused to honor the terms of that Policy.

4.11.    But for Defendants' improper acts and omission following the issuance of the Policy, Lancaster Center would be properly made whole.

4.12.    Prior to the sale of the Policy to Lancaster Center, Defendants by and through its agents and/or employees represented that the Policy would be honored in the event of a covered loss and paid in accordance with the Policy's terms. Moreover, from the time of sale of the Policy to date, Defendants, by and through its agents and / or employees assured Lancaster Center that it

was adequately insured and that no items were excluded from coverage due to prior damage, and that Defendants would comply with its Policy, which clearly has not happened.

4.13.    Defendants have not paid Lancaster Center's claim, even though the Policy provided coverage for losses such as those suffered. Defendants have also failed to perform their contractual duty to adequately compensate Lancaster Center —the injured party under the terms of the Policy.

4.14.    Defendants have failed and refused to pay the full proceeds due under the terms of the Policy, although due demand was made for such proceeds to be paid.

4.15.    All conditions precedent to recovery upon the Policy have been performed, have occurred and / or have been waived by Defendants. Therefore, Defendants' conduct constitutes breach of the Policy/insurance contract between Defendants and Lancaster Center.

4.16.    In addition, both before and after the issuance of the Policy, Defendants misrepresented to Lancaster Center that it was covered for damages caused by hail and / or wind storms, and after wrongly denied payment of such a covered loss, in violation of the terms of the Policy. In addition, based upon Defendants' claim estimates and admitted coverage of storm damages including, documents that accompanied and / or supplied to Lancaster Center, such claims were valid. Thus, Defendants' conduct also constitutes violations of the Texas Insurance Code.

4.17.    Defendants have also failed to make an attempt to pay or settle Lancaster Center's claim in any manner, although it was aware of its liability under the Policy. Thus, Defendants' conduct also constitutes violates of the Texas Unfair Competition and Unfair Practices Act. See, TEX. INS. CODE § 541.060(2).

4.18.    In addition, Defendants have failed and refused to provide any legitimate or valid reason for failure to pay the loss and to adequately settle Lancaster Center's claim, particularly in light of the fact that an inspection of the property had occurred as part of the underwriting process and that process had not excluded any portion of the Property from coverage for damages that occurred during the policy period. Accordingly, Defendants' conduct constitutes violations of the Texas Unfair Competition and Unfair Practices Act, pursuant to TEX. INS. CODE § 541.060(3).

4.19.    Defendants also failed to affirm or deny coverage of Lancaster Center's claims within a reasonable time. Specifically, Lancaster Center did not receive timely indication of acceptance or rejection, regarding the full and entire claim(s), in writing from Defendants. Accordingly, Defendants' conduct constitutes violations of the Texas Unfair Competition and Unfair Practices Act. See, TEX. INS. CODE § 541.060(4).

4.20.    Defendants have issued severely inadequate compensation to Lancaster Center under the terms of the Policy. More specifically, Defendants have created and performed an outcome-oriented process by and through the handling and / or underpayment of Lancaster Center's claim, which resulted in a biased, unfair and unequitable attempt to avoid paying under the policy. Lancaster Center's continuing losses are due to Defendants' knowing and intentional actions and/or inactions. Such conduct constitutes violations of the Texas Unfair Competition and Unfair Practices Act. See, TEX. INS. CODE § 541.060(7).

4.21.    Defendants were also required to make payment of Lancaster Center's claims— without delay. To date, Lancaster Center has not yet received full payment for its claim in compliance with the Policy/insurance contract or Texas law. Thus, Defendants failed to meet their obligations under the Texas Insurance Code and their conduct constitutes violations of the Texas Prompt Payment of Claims Act. See, TEX. INS. CODE § 542.055.

4.22.   Defendants' conduct and/or failure to meet the obligations under the Policy and the Texas Insurance Code constitutes additional violations of the Texas Prompt Payment of Claims Act. See, TEX. INS. CODE § 542.056. From and after the time Lancaster Center provided notice to Defendants, the liability to pay the full claim in accordance with the terms of the Policy was absolutely, certainly, and reasonably clear. However, Defendants have refused to fully compensate Lancaster Center despite there being no actual, actionable, or legitimate bases whatsoever on which a reasonable insurance company would have relied on to deny the full payment.

4.23.   As a result of Defendants' acts and/or omissions, Lancaster Center had to retain counsel and selected the attorneys who are representing it in this cause of action. As a matter of law, Lancaster Center is entitled to have Defendants pay for its reasonable and necessary attorneys' fees, costs and expenses, incurred by Lancaster Center, in accordance with its statutory and common law claim asserted herein.

4.24.   Unfortunately, Lancaster Center's experience with Defendants does not appear to be an isolated case. The acts and/or omissions and/or bad faith conduct of Defendants committed in this case, or similar acts and/or omissions, appear to occur with such frequency to other insureds that it constitutes a general business practice of Defendants with regard to handling these types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for itself, all at the expense and prejudice of their policyholders / insureds such as Lancaster Center.

## V.    CAUSES OF ACTION

Plaintiff incorporates all preceding Paragraphs herein by reference.

## COUNT 1:  ANTICIPATORY BREACH OF CONTRACT AND BREACH OF CONTRACT

5.1.   Defendants' conduct, as described above, constitutes a breach of the insurance contract (the Policy) made between Defendants and Lancaster Center.

5.2.     Defendants' failure and refusal, as described above, to pay the adequate compensation to Lancaster Center, as obligated to do so under the terms of the Policy in question and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Lancaster Center.  Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees for such violations of the Texas Insurance Code.

5.3.     Defendants' conduct in this regard, also constitutes multiple violations of the Texas Unfair Compensation and Unfair Practices Act. See, TEX. INS. CODE, Chapter 541.   All violations under this article are made actionable by TEX. INS. CODE § 541.151.

5.4.     Defendants' unfair practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.[1]

5.5.     Defendants' unfair settlement practice, as described above, of failing, in good faith, to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.[2]

## COUNT 2:  BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

5.6.     Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to the insured in insurance contracts.

5.7.     Defendants' failure, as described above, to adequately and reasonably investigate and properly value Lancaster Center's claim, although at that time Defendants knew or should

---

[1] TEX. INS. CODE § 541.051, § 541.060 and § 541.061.
[2] TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## COUNT 3:  DECEPTIVE TRADE PRACTICES & UNCONSCIONABLE CONDUCT - KNOWLEDGE AND INTENT

5.8.    Each of the acts described above, together and singularly, were done "knowingly" and "intentionally" and were a producing cause of Plaintiff's damages described herein pursuant to the Texas Deceptive Trade Practices Act ("DTPA").

5.9.    Each of the acts described above, together and singularly, constitute a violation of the DTPA pursuant to its tie-in provision for Insurance Code violations as set forth herein. Moreover, each of the acts as shown shall be construed both separately and together, and constitute such violations.  Accordingly, Plaintiff also brings each and every cause of action alleged above under the DTPA, pursuant to its tie-in provision.

5.10.    At all times material hereto, Plaintiff was a consumer who acquired, by purchase or lease, goods and/or services from Defendants. Defendants acts and/or omissions have violated the DTPA in one or more of the following manners:

a.    Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

b.    Representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

c.    Advertising goods or services with intent not to sell them as advertised;

d.    Making false or misleading statements of fact concerning the reasons for, existence of, or amount of reductions;

e.    Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

f.     Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;

g.    Failing to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and/or

h.    Engaging in an unconscionable course of conduct.

## COUNT 4: VIOLATIONS AND NONCOMPLIANCE WITH TEXAS INSURANCE CODE CHAPTER 542: "THE PROMPT PAYMENT OF CLAIMS ACT"

5.11.    Defendants' conduct, as described above, constitutes multiple violations of Texas Prompt Payment of Claims Act. TEX. INS. CODE, Chapter 542.

5.12.    Defendants failure, as described above, constitutes a non-payment of the claims in violation of TEX. INS. CODE § 542.055-542.060. All violations made under this article are made actionable by TEX. INS. CODE § 542.060.

5.13.    As described herein, Lancaster Center has a claim under the Policy.  Defendants are liable for the claim and have failed to comply with both the Policy's terms, and the statutory requirement of Texas Prompt Payment of Claims Act.[3]

5.14.    Defendants are also liable for their failure to perform one or more of those duties not later than the 15th day (30th day if Defendants are a surplus lines insurer) after receipt of notice

---

[3] TEX. INS. CODE § 542.051-542.061.

of at the claim[4] and, pay the claim within five "business days" (or twenty days if Defendants are a surplus lines insurer[5]).

## COUNT 5: UNFAIR INSURANCE PRACTICES

5.15.  Defendants' conduct, as described above, constitutes multiple violations of Unfair Insurance Practices.

5.16.  Defendants engaged in one or more of the following settlement practices with respect to a claim made by Lancaster Center:[6]

a.    Misrepresenting to Lancaster Center one or more material facts or policy provisions relating to coverage at issue;

b.    Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim:

i.    with respect to which the Defendants' liability has become reasonably clear; or

ii.    a claim under one portion of the policy of the claim with respect to which the Defendants' liability has become reasonably clear in order to influence Lancaster Center to settle an additional claim under another portion of the coverage, unless payment under one portion of the coverage constitutes evidence of liability under another portion of the policy;

c.    Failing to provide promptly to Lancaster Center a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Defendants' denial of the claim or for the offer of a compromise settlement of the claim;

d.    Failing within a reasonable time to:

i.    Affirm or deny coverage of a claim to Plaintiff;
ii.    Submit a reservation of rights to Plaintiff;

---

[4] TEX. INS. CODE § 542.055(a)(3).
[5] TEX. INS. CODE § 542.057(a-c).
[6] TEX. INS. CODE § 541.060

5.17.    Defendants also engaged in one or more of the following improper and unfair settlement practices with respect to a claim made by Lancaster Center:[7]

a.    Misrepresentations and false advertising of policy contracts;

b.    False information and advertising generally;

c.    Unfair discrimination;

d.    Rebates;

e.    Deceptive names, words, symbols, devises, and slogans; and/or

f.    Misrepresentation of the insurance policies;

5.18.    Defendants engaged in one or more of the following settlement practices with respect to a claim made by Lancaster Center:[8]

a.    Making an untrue statement of material fact;

b.    Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

c.    Making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact;

d.    Making a material misstatement of law; and/or

e.    Failing to disclose a matter required by law to be disclosed, including failing to make disclosure in accordance with another provision of the insurance code.

### COUNT 6: NEGLIGENT MISREPRESENTATION

5.19.    Defendants, individually and/or through their agents made one of more representations and/or assurances to Plaintiff in the course of the Defendants' business or in a transaction in which the Defendants had an interest. Defendants owed an independent duty arising

---

[7] TEX. INS. CODE § 541.151
[8] TEX. INS. CODE § 54l.061

as the result of its knowledge that Plaintiff would rely on such representation(s) / assurances and did in fact rely upon such representation(s) / assurances.[9]

5.20.    Defendants, individually and/or through their agents made such representation(s) / assurances in the course of a transaction in which Defendants had an interest. Defendants, individually and/or through their agents made the representation(s) for the guidance of others. Such representation(s) / assurances were a misstatement of fact or opinion. Defendants did not use reasonable care in obtaining or communicating such information to Plaintiff. Plaintiff justifiably relied on Defendants' representation(s) / assurances when Plaintiff purchased and continued the Policy.  Defendants' misrepresentation(s) proximately caused injury to Plaintiff that resulted in the following damages: actual damages, exemplary damages, interest, and court costs.

5.21.    Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

5.22.    Lancaster Center's injury resulted from Defendants' gross negligence, which entitles Plaintiff to exemplary damages under Tex. Civ. Prac. & Rem. Code §41.003(a).

## COUNT 7: FRAUD

5.23.    In the alternative or in addition to other counts, Defendants individually and/or through their agent(s) committed fraud. Defendants, individually and/or through their agents made one or more representations / assurances to Lancaster Center.  Such representation(s) / assurances were material and were false. When such representation(s) / assurances were made, Defendants knew the representation(s) / assurances were false, or made them recklessly, and/or as a positive assertion, and without knowledge of its truth.  Defendants made the representation(s) / assurances with the intent that Lancaster Center act on it, which it did to its detriment by purchasing and keeping the Defendants' Policy in issue in this case that is essentially worthless due to its failure

---

[9] *Grant Thorton LLP v. Prospect High Income Fund*, 991 S.W.2d 787, 792 (Tex. 2010); *McCamish, Martin, Brown & Loeffler v. FE. Appling Interests*, 991 S.W.2d 787, 792 (Tex.1999).

to provide the benefits contained therein to Lancaster Center for its covered loss.  Lancaster Center's reliance on the representation(s) / assurance(s) caused damage to it.

## COUNT 8:  CONSPIRACY

5.24.    Defendants are each members of a combination of two or more persons, by and through them and/or their agents, reached a meeting of the minds and acted in such a manner as to act knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim, including making false statements, misrepresenting material facts, and engaging in actions and/or omissions for the purpose of misleading Plaintiff as to its actual policy, prior claims, claim values, insurance benefits, coverages, contract terms, and damages resulting from the perils / losses related to any claim, and Plaintiff having relied upon such conduct has been injured.

5.25.    Defendants, each by and through itself or its respective agents, misled Plaintiff as to the rights, duties, and insurance benefits in the subject contract for insurance, and Plaintiff having relied upon such conduct, has been injured.

5.26.    The conduct described was done intentionally, knowingly, and/or recklessly and for the purpose of having Plaintiff rely on such conduct, which in fact happened, thereby causing Plaintiff to suffer injury.

## VI.    REQUEST TO COMPEL MEDIATION

6.1.    Pursuant to TEX. INS. CODE § 541.161, Lancaster Center seeks relief to compel mediation of the dispute in the manner provided, as the Court "….shall, not later than the 30th day after the date a motion under this section is filed, sign an order setting the time and place of the mediation."[10]

## VII.    AFFIRMATIVE DEFENSES

---

[10] TEX. INS. CODE § 541.161(b).

7.1.    Contra Proferuntum.  If necessary, the Defendants contract is unilateral and in the event of ambiguity must be held against the drafter.

## VIII.    AGENCY

8.1.    All acts by Defendants were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendants and/or were completed in the normal and routine course and scope of employment.

8.2.    As set forth herein, Defendants' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. All violations under this subsection are made actionable by Section 541.151 of the Texas Insurance Code.

8.3.    Defendants are liable for the unfair and deceptive acts of its assigned adjusters because each meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as any "individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor."[11]

8.4.    Separately, and/or in the alternative, as referenced and described above, Defendants ratified the actions and conduct of its agents, including the completion of their duties under common law and statutory law.

## IX.    CONDITIONS PRECEDENT

---

[11] TEX. INS. CODE §541.002(2) (emphasis added); see also *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

9.1.    All conditions precedent to Plaintiff's recovery have been performed, have occurred, have been waived, or are excused.

## X.    WAIVER AND ESTOPPEL

10.1.    Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## XI.    NOTICE OF INTENT TO USE DISCOVERY

11.1.    Plaintiff gives notice of its intent to use documents and other tangible items produced in discovery against the party or parties producing same in all pretrial matters and trial of this Lawsuit.

## XII.    DISCOVERY RULE

12.1.    As to any claim by Defendants that any Statute of Limitations applies to bar any of Plaintiff's causes of action, Plaintiff expressly invokes the Discovery Rule, as that term is known and understood under Texas Law.

## XIII.    DAMAGES AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants, AIG CLAIMS, INC. and WESTERN WORLD INSURANCE COMPANY, be cited to appear and answer herein and that upon a final trial on the merits, Plaintiff recover from such Defendants the following:

a.    Plaintiff would show that all the aforementioned acts, taken together or singularly, constitute the proximate and or producing causes of damages sustained and to be recovered by Plaintiff;

b.      For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the policy benefits withheld, together with consequential damages and attorney's fees;

c.      For noncompliance with the Texas Unfair Competition and Unfair Practices Act, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and mandatory attorney's fees.[12] For knowing and intentional conduct of the acts complained of, Plaintiff asks for three times economic damages and/or three times mental anguish damages.[13]

d.      For noncompliance with Texas Prompt Payment of Claims Act, Plaintiff is entitled to the amount of its claim, as well as interest on the total amount of the claim per annum post judgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which it may show here to be justly entitled.[14] Tender of partial payment of a claim does not reduce the penalty:  the penalty is calculated based on the amount of the "claim," not the difference between the claim and any partial payment that is made.[15] Violations of Tex. Ins. Code § 542 are strict liability without any exception.

e.      For breach of the common law duty of good faith and fair dealing, actual damages, direct and indirect consequential damages, exemplary damages and/or mental anguish as to be

---

[12] *Rosenblatt v. Freedom Life Ins. Co. of Am*., 240 S.W.3d 315, 2007 Tex. App. LEXIS 6177 (Tex. App.—Houston [1st Dist.] 2007, no pet.).
[13] TEX. INS. CODE § 541.152 and TEX. BUS. & COM. CODE § 17.50.
[14] See *Barbra Tech. Corp. v. State Farm Lloyds*, 589 S.W.3d 806 (Tex. 2019), reh'g denied (Dec. 13, 2019).  See, *Am. Nat'l. Prop. & Cas. Co. Inc. v. Patty*, No. 05-00-011171-CV, 2001 WL 914990 (Tex. App.—Dallas, August 15, 2001, no pet.).
[15] See *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 106 S.W.3d 174,183-84 (Tex. App.—Amarillo 2003, pet. denied). Also *see Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F .3d 456, 461 (5th Cir. 1997).

determined by the jury.[16] Exemplary damages are recoverable for a breach of duty of good faith and fair dealing under the same principles allowing recovery of those damages in other tort actions; mental anguish damages are recoverable for a breach of duty of good faith and fair dealing under the same principles allowing recovery of those damages in other tort actions;

     f.     Plaintiff seeks recovery of attorney fees as allowed by law.  If attorney's fees must be quantified at an hourly rate, Plaintiff seeks attorney's fees at $450 an hour.[17] Attorney's fees are awarded to a party as part of the damages owed by an insurance company that violates the cited provisions of the Texas Insurance Code and it is appropriate to require those found liable for such violations to pay the attorney's hourly fee, statutorily, and for common law claims;

     g.     Furthermore, the denial and/or wrongful delay to provide Plaintiff with insurance benefits by Defendants was apparently part of a common plan, routine, scheme, and design calculated to deny insurance benefits to policy holders. To punish Defendants and to set an example and thereby prevent other policyholders from being treated in this manner, exemplary damages should be awarded. Accordingly, Plaintiff seeks exemplary damages in an amount the jury deems appropriate;

     h.     The Declaratory Relief set forth herein and above;

     i.     Pre-judgment and post judgment interest at the maximum rate allowed by law;

     j.     Expert Witness fees;

     k.     Costs of court;

     l.     Such further relief, at law or in equity to which it may be justly entitled.

---

[16] See *Lee v. Safemate Life Ins. Co.*, 737 S.W.2d 84, 1987 Tex. App. LEXIS 8111 (Tex. App.—El Paso 1987, writ dism'd).
[17] See *Mid-Century Ins. Co. v. Barclay*, 880 S.W.2d 807, 1994 Tex. App. LEXIS 1480 (Tex. App.—Austin 1994, writ denied).

Respectfully submitted,

**RED DIRT LEGAL, PLLC**

By:/s/ James McClenny

James McClenny          SBN 24091857
Levi Baker              SBN 24145439
james@reddirtlegal.com
levi@reddirtlegal.com
10334 Greenbriar Pkwy
Oklahoma City, OK 73159
Telephone: (405) 527-8001
Facsimile: (405) 527-1539
**COUNSEL FOR PLAINTIFF,
LANCASTER CENTER, LLC**