IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LANCASTER CENTER, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:26-CV-0078-D |
| | § | |
| WESTERN WORLD INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this insurance coverage action by plaintiff Lancaster Center, LLC ("Lancaster"), an insured, against Western World Insurance Company ("Western World"), its insurer, Western World moves to preclude Lancaster from recovering attorney's fees under Tex. Ins. Code Ann. § 542A.007(d) (West 2017). For the reasons explained, the court grants the motion.

I

The court will only recount the background facts that are relevant to the instant motion. Lancaster owns property that was damaged in a weather event in March 2023. At that time, the property was insured under a policy issued by Western World. Lancaster filed an insurance claim for the weather damage to the property. Lancaster's state-law claims in this lawsuit arise out of Western World's denial of that claim.

On September 8, 2025 Lancaster attempted to email a notice letter pursuant to Tex. Ins. Code Ann. § 542A.003 (West 2017) to Richard Teglia ("Teglia"), the adjuster originally

assigned to its insurance claim. But that same day, Lancaster received automatic email responses that stated that delivery to the recipient's email addresses had failed. Western World represents that this failure occurred because Teglia had stopped working for Western World and passed away in December 2024, and his email accounts were shut down shortly thereafter. Lancaster represents that, after the failed transmission, it made multiple attempts to contact Western World via telephone, but that Western World did not answer or return these calls. Lancaster filed this lawsuit on January 13, 2026.

Western World now moves under § 542A.007(d) to preclude Lancaster from recovering attorney's fees incurred after May 6, 2026, the date that it filed this motion. Lancaster opposes the motion, which the court is deciding on the briefs, without oral argument. The court's subject matter jurisdiction is based on diversity of citizenship.

II

Western World contends that Lancaster failed to give notice pursuant to § 542A.003. This state-law provision and those closely related to it, §§ 542A.004-542A.007, have been deemed substantive by this court, and thus applicable to diversity cases like this one. *See M Cent. Residences Condo. Ass'n Inc. v. Tech. Ins. Co.*, 2023 WL 4089388, at *2 (N.D. Tex. June 20, 2023) (Fitzwater, J.).

Section 542A.003 requires that "not later than the 61st day before the date the claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person." The notice must include

- 2 -

> (1) a statement of the acts or omissions giving rise to the claim;
>
> (2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and
>
> (3) the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.

*Id.* § 542A.003(b). Notice may be provided by the claimant or its attorney, but if the attorney provides notice, the attorney "shall: (1) provide a copy of the notice to the claimant; and (2) include in the notice a statement that a copy of the notice was provided to the claimant." *Id.* § 542A.003(c).

If a claimant fails to provide timely notice, the opposing party can choose between two forms of relief. First, the opposing party can file a plea in abatement, and "[t]he court shall abate the action if the court finds that the person filing the plea in abatement . . . did not, for any reason, receive a presuit notice complying with Section 542A.003[.]" *Id.* § 542A.005(b). Or, second,

> [i]f a defendant in an action to which this chapter applies pleads and proves that the defendant was entitled to but was not given a presuit notice stating the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2) at least 61 days before the date the action was filed by the claimant, the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court.

*Id.* § 542A.007(d). The pleading "must be filed not later than the 30th day after the date the

- 3 -

defendant files an original answer in the court in which the action is pending." *Id.*[1]

The notice requirement is excused if "giving notice is impracticable because . . . (1) the claimant has a reasonable basis for believing there is insufficient time to give the presuit notice before the limitations period will expire; or (2) the action is asserted as a counterclaim." *Id.* § 542A.003(d).

III

Neither party disputes that these provisions apply to this case. Western World offers the unsworn declaration of Justin Roller ("Roller"), an authorized representative and records custodian of Western World and AIG Claims with regard to Lancaster's insurance claim. Roller avers that"[n]either AIG Claims nor Western World received any written notice from Lancaster [] under Chapter 542A of the Texas Insurance Code before Lancaster [] filed" its second amended complaint. D. Br., Ex. 2 at 1 ¶ 4. Western World also attached the email responses that Lancaster received notifying it that its email to Teglia was not delivered.

Lancaster does not contest that Western World failed to receive the notice that Lancaster attempted to email to Teglia on September 8, 2025. Instead, Lancaster maintains that it complied, or at least substantially complied, with § 542A.003 by taking reasonable steps to effectuate delivery of the notice, that § 542A.003 did not require Lancaster to ensure that the notice was received, and that Western World's own conduct prevented such delivery.

---

[1]Western World filed its original answer on April 6, 2026, and its motion to preclude the award of attorney's fees on May 6, 2026. Therefore, it has satisfied § 542A.007(d)'s 30-day filing requirement.

- 4 -

IV

Western World has pleaded and proved that it was entitled to but was not given the presuit notice required under § 542A.003(a).

Although the Supreme Court of Texas has not decided whether sending an email that bounces back satisfies § 542A.003(a)'s presuit notice requirement, the court makes an *Erie*-guess and deems Lancaster's actions to be insufficient.[2] First, the statutory text supports the conclusion that § 542A.003(a) requires more than a mere attempt to send notice via email. *See Jose Carreras, M.D., P.A. v. Marroquin*, 339 S.W.3d 68, 71 (Tex. 2011) ("Statutory interpretation begins by examining the text of the statute."). Section 542A.003(a) requires a plaintiff to "give written notice." Texas courts have construed similar provisions to require the notifying party to take at least some measures to ensure that actual notice is provided to the recipient party. *See, e.g.*, *Winkle Chevy-Olds-Pontiac, Inc. v. Condon*, 830 S.W.2d 740, 745 (Tex. App. 1992, writ dismissed) (stating that "[w]hen a defendant specifically denies receiving notice . . . the plaintiff must prove that [it] provided [such

---

[2]When, as here, the law that a Texas court would apply is Texas law, and there is no binding decision of the Supreme Court of Texas on the question, this court must make an "*Erie*-guess," i.e., a prediction of how the Supreme Court of Texas would resolve the issue if presented with the same case. *See, e.g.*, *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Six Flags, Inc. v. Westchester Surplus Lines Ins. Co.*, 565 F.3d 948, 954 (5th Cir. 2009)). In doing so, this court is not required to be prescient. Instead, "[w]hen confronted with an unsettled issue of state law, a federal court sitting in diversity must make its best effort to predict how the state courts would decide the issue." *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 750 (5th Cir. 1995) (alteration in original) (quoting *DeWeerth v. Baldinger*, 38 F.3d 1266, 1273 (2d Cir. 1994)). "*Erie* and its progeny require no more of a federal court than that it conscientiously satisfy its duty to predict how the state court would decide a question." *Id.*

notice]" in the context of a requirement to "give written notice" to a defendant 60 days before filing suit); *Plano Lincoln Mercury, Inc. v. Roberts*, 167 S.W.3d 616, 622 (Tex. App. 2005, no writ) (interpreting the "reasonable notification" requirement under Tex. Bus. & Com. Code Ann. § 2.706 (West 1967) to require "notification reasonably calculated to give actual notice"). Moreover, where courts have concluded that notice provisions require only that parties send notice without confirming receipt, the relevant statute generally so states. *See, e.g.*, *Porter v. JP Morgan Chase Bank, N.A.*, 2014 WL 5466579, at *5 (S.D. Tex. Aug. 27, 2014) (statute detailed that notice was complete when "deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address" (citation omitted)), *rec. adopted sub nom. Porter v. J.P. Morgan Chase Bank, N.A.*, 2014 WL 5468056 (S.D. Tex. Oct. 28, 2014); *Robertson v. TrueAccord Corp.*, 2026 WL 678769, at *4 (S.D. Tex. Feb. 19, 2026) ("Section 1692g(a) requires only that the debt collector *send* the statutory notice, not that the debtor actually *receive* it." (emphasis in original)), *rec. adopted sub nom. Robertson v. TrueAccord Corp*, 2026 WL 678166 (S.D. Tex. Mar. 10, 2026). Ultimately, the court need not determine the exact steps that § 542A.003(a) requires a notifying party to take to confirm receipt because, here, Lancaster had conclusive evidence that its email to Teglia was not delivered and, therefore, that Western World did not receive it.

Second, § 542A.003(a)'s purpose supports the conclusion that Lancaster's actions were insufficient. *See Carreras*, 339 S.W.3d at 73 (looking to the purpose of a notice provision to interpret its meaning). "The purpose of Chapter 542A's presuit notice

requirement is to 'discourage litigation and encourage settlements of consumer complaints.'" *NewcrestImage Holdings, LLC v. Travelers Lloyds Ins. Co.*, 2023 WL 6849999, at *8 (N.D. Tex. Oct. 17, 2023) (Reno, J.) (quoting *Hines v. Hash*, 843 S.W.2d 464, 468 (Tex. 1992) (referring to a similar presuit notice provision)). It would at least frustrate, if not undermine, this purpose if Lancaster could be deemed to have satisfied § 542A.003(a) based on an attempted email notice that Western World never received.

Therefore, the court holds that Lancaster's failed attempt to email notice to Western World did not satisfy § 542A.003(a)'s presuit notice requirement. Nor did Lancaster's alleged attempts to contact by Western World telephone satisfy this provision, which requires "written notice." Tex. Ins. Code Ann. § 542A.003(a) (West 2017).

Lancaster contends that, at minimum, it substantially complied with § 542A.003(a) by attempting to effectuate delivery and telephone Western World. Neither § 542A.003(a), nor its related provisions, recognizes substantial compliance as sufficient to satisfy the presuit notice requirement. But even if substantial compliance with § 542A.003(a) were sufficient, the court would conclude that Lancaster's failed attempts to deliver notice did not substantially comply with the requirement.

In the context of presuit notice provisions, the doctrine of "substantial compliance does not permit a party to ignore statutory requirements" *Potts v. Walgreen Co.*, 2018 WL 1046626, at *8 (N.D. Tex. Feb. 26, 2018) (Horan, J.) (citation and internal quotation marks omitted)). Section 542A.003(a)'s presuit notice provision is a statutory requirement couched in mandatory language. *See* Tex. Ins. Code Ann. § 542A.003(a)-(b) (West 2017) (stating that

a claimant "must" give written notice and detailing what such notice "must provide"); *see also Carreras*, 339 S.W.3d at 72 (emphasizing the mandatory language used in a presuit notice provision).   Moreover, where Texas courts have concluded that presuit notice provisions were satisfied through substantial compliance, the alleged deficiencies generally concerned the content of the notice provided, not whether such notice was provided at all. *See, e.g.*, *Maypole v. Acadian Ambulance Serv., Inc.*, 647 S.W.3d 533, 546-49 (Tex. App. 2022, pet. dism'd) (concluding that a presuit notice was sufficient where it allegedly omitted information that was "not required by the language of the [relevant statute]"); *see also Potts*, 2018 WL 1046626, at *8-10 (discussing substantial compliance in the context of Tex. Civ. Prac. & Rem. Code Ann. §§ 74.051, 52)).   And the court disagrees with Lancaster's assertion that it took reasonable steps to provide written notice.   As Western World points out, Lancaster had access to additional points of contact, such as Western World's Commissioner of Insurance and another claims adjuster, but Lancaster has not represented that it attempted to deliver written notice to anyone besides Teglia.

Lancaster also maintains that Western World's own conduct prevented delivery.  This argument is irrelevant to the court's analysis, which is narrowly focused on whether Lancaster actually gave presuit notice and whether one of the two exceptions recognized by § 542A.003(d) applies.  *Brohlin v. Meridian Sec. Ins. Co.*, 2023 WL 7311194, at *5 (N.D. Tex. Nov. 6, 2023) (Reno, J.) ("The only inquiry the Court must make here is whether the Brohlins provided presuit notice, and if they did not, whether one of the exceptions contained in Chapter 542A excusing presuit notice applies.").  Lancaster has not established that either

- 8 -

exception applies, and, therefore, it cannot be excused from the presuit notice requirement. And even assuming *arguendo* that Western World's alleged conduct was relevant, the vague details that Lancaster provides regarding its attempts to contact Western World do not reasonably suggest that Western World's conduct prevented delivery of notice. Lancaster does not allege whom at Western World it called, the number of times it called, when the attempted calls took place, or whether it left voicemails. *See Freiheit Investoren LLC v. Allied World Assurance Co. (U.S.) Inc.*, 2025 WL 825368, at \*3 (W.D. Tex. Jan. 21, 2025) (concluding that a "vague statement" that notice was given, without detail regarding the exact date, "offer[ed] the Court little help in determining whether the adjuster received the estimate at least sixty-one days before [plaintiff] filed suit."). Without such details, the court cannot reasonably conclude that Western World prevented delivery of the presuit notice. *See id.*

Accordingly, the court concludes that Lancaster failed to satisfy § 542A.003(a)'s presuit notice requirement.

V

Lancaster contends that, even if it did not satisfy the presuit notice requirement, the appropriate remedy is abatement rather than preclusion of attorney's fees. The court disagrees.

Under Texas law, abatement is one of two remedies available to an insurer who was not given the notice required by § 542A.003. *See* Tex. Ins. Code Ann. §§ 542A.005; 542A.007(d) (West 2017). But abatement is appropriate only when the defendant has filed a plea in abatement. *Id.* § 542A.005. It is the defendant's choice either to ask the court to

abate the case or to file a pleading asking the court to deny attorney's fees accrued after the date on which the pleading is filed. *See, e.g.*, *Rahe v. Meridian Sec. Ins. Co.*, 2022 WL 614995, at *3 (N.D. Tex. Feb. 28, 2022) (Brown, J.).

Western World has not filed a plea in abatement. Instead, it elected to file a pleading that, if granted, would preclude Lancaster from recovering any attorney's fees incurred after the date on which the pleading was filed. Because Western World chose this option and did not request abatement, that statutory option is unwarranted. The court is left with the choice either to grant or deny Western World's motion to preclude the award of attorney's fees.

*   *   *

Lancaster failed to provide the presuit notice required by § 542A.003, and this failure is not excused. And because Western World did not file a plea in abatement, abatement is unwarranted. The court therefore grants Western World's motion and holds that Lancaster is precluded from collecting from Western World in this lawsuit any attorney's fees incurred after May 6, 2026 to which it would otherwise have been entitled.

**SO ORDERED**.

July 22, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE